Mr. Barry Emigh 1104 Seventh Street Hot Springs, AR 71913-4225
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted several similar measures, each of which I rejected due to ambiguities in the text of your proposed amendments. See, e.g., Ops. Att'y Gen. Nos. 2000-340, -326, -314, -281, -264, -248, 241, -240, -214, -193, -192, -186, -163, -152, -138, -135, and -120.
You have made changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 POPULAR NAME CASH FUND USING THE FOOD TAX FOR PAYMENT OF CANVASSERS, SPONSOR, SCHOLARSHIPS, TEACHER PAY AND TEACHER'S RETIREMENT FUND BEFORE ABOLISHING SAID TAX
 BALLOT TITLE AMENDMENT TO PROVIDE FOR THE SEPARATE RECEIPT AND ACCOUNTING, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS BEGINNING ON THE FIRST TUESDAY OF DECEMBER, 2002; DEFINING FOOD ITEMS AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION OF EXCLUSIONS AS NOTED HEREIN; EMPOWERING THE DEPARTMENT OF HIGHER EDUCATION TO RECEIVE ALL PAYMENTS THE OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS FROM THE DEPARTMENT OF FINANCE AND ADMINISTRATION, AND REQUIRING THE IMMEDIATE DEPOSIT OF SUCH FUNDS IN THE INITIATED PUBLIC EDUCATIONAL CASH FUND; AMENDING A.C.A. SECTION 19-4-803 TO EXEMPT THE "INITIATED PUBLIC EDUCATIONAL CASH FUND" FROM THE REQUIREMENTS OF AN APPROPRIATION; CREATING THE "INITIATED PUBLIC EDUCATIONAL CASH FUND" SEPARATE AND APART FROM THE STATE TREASURY TO BE ADMINISTERED BY THE DEPARTMENT OF HIGHER EDUCATION; EMPOWERING THE DEPARTMENT OF HIGHER EDUCATION TO MANAGE AND INVEST THE INITIATED PUBLIC EDUCATIONAL CASH FUND IN COMPLIANCE WITH THE PRUDENT INVESTOR RULE AND OTHER APPLICABLE STANDARDS IN A.C.A. SECTIONS 24-3-408, -414, -415, -417 TO 425 WITH INVESTMENTS BEING OF THE TYPE DESCRIBED IN A.C.A. SECTION 19-3-510 AND MADE WITH THE TYPE OF DEPOSITORIES DESIGNATED PURSUANT TO A.C.A. SECTION 19-3-507 OR MADE IN CERTIFICATES OF DEPOSIT AND IN SECURITIES OUTLINED IN A.C.A. SECTION 23-47-401 WITHOUT LIMITATION OR AS APPROVED BY THE BOARD OF FINANCE INVESTMENT POLICY TO BE KEPT AS DISTINCT CASH FUNDS WITH SUCH CASH FUNDS BEING AVAILABLE WHEN NEEDED FOR DISBURSEMENT; EMPOWERING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE THE INITIATED PUBLIC EDUCATIONAL CASH FUND MONEY TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE AND APART FROM THE STATE TREASURY; EMPOWERING THE DEPARTMENT OF HIGHER EDUCATION TO HIRE PROFESSIONALS TO ASSIST IN THE INVESTMENT OF THE INITIATED PUBLIC EDUCATIONAL CASH FUND, AND TO USE THE INVESTMENT EARNINGS FROM THOSE FUNDS TO COMPENSATE SUCH PROFESSIONALS; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION ON THE FIRST TUESDAY OF DECEMBER OF EACH YEAR TO PROVIDE THE BOOKS AND ACCOUNTS OF THE INITIATED PUBLIC EDUCATIONAL CASH FUND TO THE STATE AUDITOR FOR AUDITING; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE 7% OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS SOLD BEGINNING ON THE FIRST TUESDAY OF DECEMBER, 2002, AND ENDING ON THE FIRST TUESDAY OF DECEMBER, 2003, WITH ALL THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS SOLD DURING THAT TIME BEING FULLY RECEIVED, ACCOUNTED AND CREDITED TO THE INITIATED PUBLIC EDUCATIONAL CASH FUND BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION NO LATER THAN THE FIRST TUESDAY OF JANUARY, 2004, TO BE DIVIDED BY THE NUMBER OF REGISTERED VOTER'S SIGNATURES COUNTED AS VALID BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE BALLOT WITH EACH CANVASSER TO BE PAID BY THE DEPARTMENT OF HIGHER EDUCATION FROM THE INITIATED PUBLIC EDUCATIONAL CASH FUND WITHIN 20 WORKING DAYS AFTER THE FIRST TUESDAY OF FEBRUARY, 2004, FOR EACH REGISTERED VOTER'S SIGNATURE THE CANVASSER HAS OBTAINED THAT HAS BEEN COUNTED AS A VALID SIGNATURE BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE BALLOT; PROVIDING NO PAYMENT SHALL BE MADE FROM THE INITIATED PUBLIC EDUCATIONAL CASH FUND BY THE DEPARTMENT OF HIGHER EDUCATION TO A CANVASSER FOR THEIR SIGNATURE ON A PETITION AS A PETITIONER WITH THEIR SIGNATURE AS A CANVASSER; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE 3% OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS SOLD BEGINNING ON THE FIRST TUESDAY OF DECEMBER, 2002, AND ENDING ON THE FIRST TUESDAY OF DECEMBER, 2003, WITH ALL THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS SOLD DURING THAT TIME BEING FULLY RECEIVED, ACCOUNTED AND CREDITED TO THE INITIATED PUBLIC EDUCATIONAL CASH FUND BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION NO LATER THAN THE FIRST TUESDAY OF JANUARY, 2004, TO BE PAID BY THE DEPARTMENT OF HIGHER EDUCATION FROM THE INITIATED PUBLIC EDUCATIONAL CASH FUND WITHIN 20 WORKING DAYS AFTER THE FIRST TUESDAY OF FEBRUARY, 2004, TO BARRY LEE EMIGH BEING THE SPONSOR AND AUTHOR OF THIS AMENDMENT; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO PROVIDE AN EQUITABLE MEANS TO DISTRIBUTE 30% OF THE INVESTMENT EARNINGS EARNED PREVIOUS TO THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR FROM THE INITIATED PUBLIC EDUCATIONAL CASH FUND FOR ANY NUMBER OF CLASS SESSIONS OVER A 12 MONTH PERIOD OF TIME FOR FULL TUITION PAYMENT OF QUALIFIED PERSONS TO BE PAID DIRECTLY TO ANY PUBLICLY FUNDED UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE WITHIN THE STATE; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE 18% OF THE INVESTMENT EARNINGS EARNED PREVIOUS TO THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR FROM THE INITIATED PUBLIC EDUCATIONAL CASH FUND TO BE DIVIDED BY THE TOTAL NUMBER OF ALL TEACHERS EMPLOYED BY ANY, AND ALL, PUBLICLY FUNDED INSTITUTES OF EDUCATION WITHIN THE STATE TO INCLUDE, BUT NOT LIMITED TO, K THRU 12TH GRADES, UNIVERISTIES [SIC], COLLEGES AND COMMUNITY COLLEGES WITH EACH TEACHER TO BE PAID AN EQUAL PAYMENT WITHIN 20 WORKING DAYS AFTER THE FIRST TUESDAY OF DECEMBER OF EACH YEAR; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE 2% OF THE INVESTMENT EARNINGS EARNED PREVIOUS TO THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR FROM THE INITIATED PUBLIC EDUCATIONAL CASH FUND TO THE TEACHER'S RETIREMENT FUND TO BE PAID WITHIN 20 WORKING DAYS AFTER THE FIRST TUESDAY OF DECEMBER OF EACH YEAR; EXEMPTING ANY PAYMENT TO ANY TEACHER, CANVASSER AND THE SPONSOR OF THIS AMENDMENT FROM THE STATE INCOME TAX PAID FROM THE INITIATED PUBLIC EDUCATIONAL CASH FUND BY THE DEPARTMENT OF HIGHER EDUCATION; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO PROVIDE A CONVENIENT TIME FOR PERSONS TO SUBMIT AN APPLICATION TO THE DEPARTMENT OF HIGHER EDUCATION FOR QUALIFIED PERSONS TO RECEIVE THE FULL TUITION PAYMENTS FROM THE INITIATED PUBLIC EDUCATIONAL CASH FUND WITH SUCH PAYMENTS BEING PAID IN A TIMELY MANNER DIRECTLY TO THE PUBLICLY FUNDED UNIVERSITIES, COLLEGES AND COMMUNITY COLLEGES WITHIN THE STATE; REQUIRING THE APPLICATION TO THE DEPARTMENT OF HIGHER EDUCATION TO STATE THE FULL AMOUNT OF TUITION COST FOR THE CHOSEN PUBLICLY FUNDED UNIVERISITY [SIC], COLLEGE OR COMMUNITY COLLEGE FOR EACH SESSION OF CLASSES, THE AMOUNT OF ANY OTHER FINANCIAL AID, GRANTS AND SCHOLARSHIPS RECEIVED BY THE INDIVIDUAL AND THE INDIVIDUAL'S TOTAL GROSS EARNED INCOME FROM THE PREVIOUS YEAR OR THE JOINT TOTAL GROSS EARNED INCOME FROM THE PREVIOUS YEAR FOR A MARRIED PERSON; REQUIRING THE DEPARTMENT OF HIGHER EDUCATION TO DISTRIBUTE THE FULL TUITION PAYMENT FROM THE INITIATED PUBLIC EDUCATIONAL CASH FUND DIRECTLY TO ANY PUBLICLY FUNDED UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE IN THE STATE, FIRST, TO THOSE PERSONS WITH THE LOWEST TOTAL AMOUNT BY ADDING BOTH THE AMOUNT OF THE FULL TUITION PAYMENT (AFTER DEDUCTIONS FOR OTHER FINANCIAL AID, GRANTS AND SCHOLARSHIPS) AND THE INDIVIDUAL'S PREVIOUS YEAR'S TOTAL GROSS EARNED INCOME OR THE JOINT PREVIOUS YEAR'S TOTAL GROSS EARNED INCOME FOR A MARRIED PERSON; PROVIDING NO PAYMENT SHALL BE MADE FROM THE INITIATED PUBLIC EDUCATIONAL CASH FUND TO ANY PUBLICLY FUNDED UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE FOR ANY PERSON TO RETAKE A FAILED CLASS; REQUIRING RE-DEPOSIT OF INVESTMENT EARNINGS IN THE INITIATED PUBLIC EDUCATIONAL CASH FUND NOT USED FOR THE PURPOSES HEREIN STATED; EXEMPTING FOOD ITEMS, AS DEFINED HEREIN, FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX AFTER THE FIRST TUESDAY OF DECEMBER, 2032; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX, OR ANY OTHER TAX ON FOOD ITEMS INCLUDE IN THE "ARKANSAS SOFT DRINK TAX ACT" AS AUTHORIZED AND DEFINED UNDER A.C.A. SECTION 26-57-901 ET SEQ; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX, OR ANY OTHER TAX ON FOOD ITEMS EXCLUDED FROM THE "ARKANSAS SOFT DRINK TAX ACT" AFTER VOTER APPROVAL OF THIS AMENDMENT; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX, OR ANY OTHER TAX ON ANY PREPARED RESTAURANT FOODS, PREPARED AND SERVED BY A RESTAURANT, OR OTHER BUSINESSES SIMILAR TO RESTAURANTS SERVING PREPARED FOODS AUTHORIZED, AND DEFINED AS A RESTAURANT, OR SIMILAR BUSINESS IN A.C.A. SECTION 26-75-601 THROUGH -618 AND A.C.A. SECTION 26-75-701; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX, OR ANY OTHER TAX ON ANY ALCOHOLIC BEVERAGE TO INCLUDE BEER, WINE, LIQUEURS, CHAMPAGNE AND ALL OTHER INTOXICATING BEVERAGES CONTAINING ALCOHOL; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
I regret that I must again reject your proposed popular name and ballot title.
I am rejecting your petition because your proposed measure contains certain ambiguities that prohibit me from being able to summarize the measure adequately in a popular name and ballot title. It is not the appropriate role of the Attorney General to advise you in the construction of the measure that you wish to propose. However, I will give you examples of the types of ambiguities that I find problematic in your measure. I must alert you to the fact that this list is not exhaustive; rather, these are the ambiguities that are most prominent in the measure. Further analysis could reveal other problems with the measure. Because I find these ambiguities sufficient grounds for rejection of the measure, such further analysis on my part is not necessary.
The ambiguities that I find most troubling are:
• The division of authority and control over the fund that is created by the measure is unclear. How and when does control over the fund shift from the Department of Finance and Administration to the Department of Higher Education? When does DFA deposit the tax receipts? What does the phrase" when as received" mean?
• The language of the measure speaks in terms of the Department of Higher Education receiving payments or receiving the funds. This language creates an ambiguity as to the transfer of control of the funds from DFA to the Department of Higher Education, and as to exactly what is to happen to the funds. Who deposits the funds, and when?
• It is unclear what role the Board of Finance will have with regard to the fund that is created by your proposed measure, and how much authority and control that board will have over the fund.
• It is unclear what restrictions (such as those in A.C.A. § 19-3-507 and -510) will apply to financial institutions in which the fund will be deposited, particularly given that the measure states that the fund is not a part of the state treasury.
• Similarly, given that the measure explicitly invokes A.C.A. § 19-3-510, there is a question as to the extent to which that section's requirements will apply. For example, must the State Treasurer be a signatory of deposit agreements? If so, does this in some way limit the Department of Higher Education's authority?
• The measure refers to the signatures that are counted as valid by the Secretary of State. Does this aspect of the measure constitute a requirement that the Secretary of State count all signatures? Would it be permissible for the Secretary of State to take a sampling of the signatures that is sufficient to show the results, and only authorize payment to those people whose signatures were included in the sampling?
• In Section Seven (2), what does the phrase "shall not affect . . . items excluded" mean? Does it have the effect of changing the current taxable/non-taxable status of certain items?
The items included on the foregoing list are examples of the ambiguities that prohibit me from being able to summarize your measure adequately in a popular name and ballot title. I reiterate that I cannot act as your private counsel in the construction of your proposed measure. For that reason, I remind you that you should not take the foregoing list of ambiguities to be exhaustive. Indeed, you would be well advised to seek further counsel in analyzing and reconstructing your measure.
If you are aggrieved at my rejection of your petition, you have the right to apply by petition to the Arkansas Supreme Court for proper relief.See A.C.A. § 7-9-107(d) (Repl. 2000).
Sincerely,
MARK PRYOR Attorney General